UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES N. MABONGA,       )<br>                                               )<br>            Plaintiff,           )<br>                                               )<br>v.                                          )<br>                                               )<br>UNIVERSITY MEDICAL CENTER, *et al.*,  )<br>                                               )<br>            Defendants.         )<br>_____) | 2:08-cv-00688-RCJ-LRL<br><br>**O R D E R** |

Before the court is plaintiff's Request to Supplement (#53). Defendant filed an Opposition (#56). No reply was filed. For the following reasons, plaintiff's motion will be denied.

Pursuant to this court's amended Scheduling Order (#47), the last day to file motions to amend or to add parties was January 26, 2010. Discovery closed on April 27, 2010. Plaintiff filed the instant Request to Supplement (#53) on March 15, 2010. Plaintiff states that he "REQUESTS THE COURT TO SUPPLEMENT SEC. 1983; UNDER WHICH THIS SUIT WAS BROUGHT. STATUS CHECK SHOWS MATERIAL FILED PRIMARILY IS ABOUT THE "ADA". THE ADA WAS 'AN ADDITIONAL STATUTE' IN THE FORMS FOR Forma Pauperis." Mot. (#53) at 1 (emphasis in original). Plaintiff adds that he "REQUESTS THIS HONORABLE COURT TO BE ALLOWED TO SUPLEMENT [Sic.] SEC 1983 WITH THE FOLLOWING FACTS AND AUTHORITIES." *Id.* Plaintiff then quotes a portion of Rule 8(d)(2) and 8(d)(3). *Id.* The next nine pages of the motion consist of a list of facts relating to plaintiff's medical care at defendant's wellness center, interspersed with references to law—primarily the Ryan White Act and Section 1983. Defendant states that while the Request's objective is unclear, defendant reads it as a motion to amend. Defendant urges the court to deny the motion as untimely; for failure to attach an proposed amended complaint pursuant to LR 15-1; and for failure to seek leave of court pursuant to Rule 15. Opp'n (#56). Defendant further requests,

pursuant to Rule 12(e), Motion for Definite Statement, that should the court allow plaintiff to file an amended complaint, plaintiff be required to conform his pleadings to the Federal Rules of Civil Procedure. *Id.* at 4.

It is not instantly clear from the Request (#53) whether plaintiff is attempting to amend his Complaint or whether he is seeking leave of court to file an amended Complaint. Either way, plaintiff has not attached a proposed amended complaint as required under Local Rule 15-1. While pursuant to Fed.R.Civ.P. 7(b)(1), a motion must state with particularity the grounds for seeking an order and the relief sought, *pro se* filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord* Rule 8(f) ("All pleadings shall be so construed as to do substantial justice"). Based on the substance of the motion and plaintiff's specific request "to be allowed to suplement," the court construes plaintiff's Request (#53) to be a Motion for Leave to File an Amended Complaint.

Plaintiff's Request (#53) must be denied because it is untimely. The Request (#53) was filed nearly seven (7) weeks *after* the deadline to file motions to amend or to add parties and approximately one month before discovery cut-off. *See* Scheduling Order (#47). Once the court has filed a pretrial scheduling order pursuant to Rule 16, with a timetable for amending pleadings, a motion for leave to amend is governed first by the standards of Rule 16(b) and only secondarily by Rule 15(a) if the Rule 16(b) standards are met. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Plaintiff fails to proffer a reason for the late filing of his motion.

Accordingly, and for good cause shown,

. . .

. . .

. . .

1
2      IT IS ORDERED that plaintiff's Request to Supplement (#53) is DENIED.
3      DATED this 24th day of May, 2010.
4
5                                              _____
6                                              **LAWRENCE R. LEAVITT**
                                               **UNITED STATES MAGISTRATE JUDGE**
7