# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES N. MABONGA,

     Plaintiff,

     Case No. 2:08-CV-00688-KJD-LRL

v.

     **ORDER**

UNIVERSITY MEDICAL CENTER, *et al.*,

     Defendants.

     Presently before the Court is Defendants' Motion to Dismiss (#71).  Plaintiff filed a response in opposition (#76/77) to which Defendants replied (#78).

I.  Background

     Plaintiff brought the present complaint (#3) on July 21, 2008 under 42 U.S.C. § 1983. Plaintiff alleges that Defendants discriminated against him in violation of the Americans with Disabilities Act of 1990 ("ADA"), §202, 42 U.S.C. §12132 and the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794a.

     The essential allegations of Plaintiff's *pro se* complaint, which the Court construes liberally as it must, are that on January 3, 2008, Plaintiff tried to see his physician at UMC Wellness Center ("the Center") , without an appointment, for treatment related to a reaction to prescribed medication.

1   Plaintiff alleges that he was denied treatment by Defendant Gary Gray and the Center because he had

2   an "inability to pay."  Plaintiff also alleges that he is disabled by diabetes and a "depressed immune

3   system."  Plaintiff does not dispute that his insurance cards had expired and that he was directed to

4   visit the Social Security office, the Welfare office and Clark County Social Services to renew his

5   cards.  Plaintiff filed a complaint with the clinical director, Leslie O'Brien, who did not respond.

6   Plaintiff alleges that he was hospitalized from January 6, 2008 through January 8, 2008, due to the

7   symptoms he complained of on January 3, 2008.

8   II.  Analysis

9        Plaintiff asserts that Gray and the Center violated his rights under the ADA and the RA when

10  it denied him treatment based on either his inability to pay or his disability.  Generally speaking, the

11  Court may treat the claim for inability to pay as discrimination based on his disability because

12  Plaintiff alleges that his inability to pay is a direct result of his disability.  See generally, U.S.

13  Airways v. Barnett, 535 U.S. 391, 413 (2002); Giebeler v. M & B Assocs., 343 F.3d 1143, 1150-51

14  (9th Cir. 2003).  To prove that a public service or program violates Title II of the ADA, a plaintiff

15  must show "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from

16  participation in or denied the benefits of a public entity's services, programs, or activities or was

17  otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or

18  discrimination was by reason of his disability."  Townsend v. Quasim, 328 F.3d 511, 516 (9th Cir.

19  2003)(quoting Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001)).

20       Furthermore, "[w]hen a state's policies discriminate against the disabled in violation of the

21  ADA, the ADA's regulations mandate reasonable modifications to those policies in order to avoid

22  discrimination on the basis of disability, at least when such modification would not fundamentally

23  alter the nature of the services provided by the state."  Townsend, 260 F.3d at 517 (citing Lovell v.

24  Chandler, 303 F.3d 1039, 1054 (9th Cir. 2002); Crowder v. Kitagawa, 81 F.3d 1480 (9th Cir. 1996)).

25  Discussing the ADA, under different factual circumstances, the Supreme Court counseled "that states

26  must be able to take financial burdens into account in administering programs affecting the disabled

1  and must enjoy a certain measure of leeway 'to administer services with an even hand' among its

2  citizenry." Townsend, 260 F.3d at 520 (quoting Olmstead v. L.C., 527 U.S. 581, 604-5 (1999)).

3       Similarly, Section 504 of the Rehabilitation Act requires the plaintiff to demonstrate that: (1)

4  plaintiff is a qualified individual with a disability; (2) plaintiff was either excluded from participation

5  in or denied the benefits of a public entity's services, programs, or activities, or was otherwise

6  discriminated against by the public entity; (3) such exclusion, denial of benefits, or discrimination

7  was by reason of his disability; and (4) the program receives federal financial assistance.  See 29

8  U.S.C. § 794; Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir. 1988).

9       The Center provides primary care services for individuals with HIV/AIDS.  The Center also

10  assists individuals with limited means procure eligibility for social welfare programs, including

11  coverage under the Ryan White Comprehensive AIDS Resources Emergency Act of 1990 ("the

12  CARE Act"), 42 U.S.C. § 300ff et. seq., as amended.  The CARE Act provides assistance for

13  individuals who do not have sufficient health insurance coverage.  It fills in the gaps where other

14  sources do not provide coverage.  Section 2617(b)(6)(F) of the CARE Act requires grantees, such as

15  the Center, to ensure that:

16       ". . . grant funds are not utilized to make payments for any item or service
         to the extent that payment has been made, or can reasonably be expected to
17       be made, with respect to that item or service – (I) under any State
         compensation program, under an insurance policy, or under any Federal or
18       State health benefits program."

19  Thus, the question on Defendants' motion to dismiss becomes whether requiring Plaintiff to have

20  some form of payment in order to receive services at the Center violates the ADA or RA.

21       Plaintiff was eligible for and participated in the Ryan White CARE Act Part B Program which

22  provides funding for prescription drug assistance.  However, Part B funds are not utilized for primary

23  medical services.  In order to receive funding for primary medical services, Plaintiff was required to

24  establish eligibility for the Part C program.  However, because he had been eligible for and receiving

25  insurance benefits from State and Federal health benefits programs, Plaintiff was not eligible for Part

26

3

1  C funds.  Plaintiff's failure to update and renew his Federal and State primary medical benefits was

2  the cause of the Center's alleged decision to deny him treatment.

3        The Center acted appropriately within the confines of the ADA and RA when it decided that

4  patients that had Federal and State resources available to pay for primary health benefits were

5  required to use them.  Failure to follow the requirements of the CARE Act would result in the Center

6  losing funding under the Act and would deplete the resources the Center had for treating other

7  patients that did not have alternative funding available for primary health care.  The Center

8  appropriately considered the requirements of the CARE Act and its financial resources in denying

9  care to Plaintiff.  Accordingly, the Court must grant Defendants' Motion to Dismiss the ADA and

10  RA claims.

11        Plaintiff also alleges a claim under 42 U.S.C. § 1983.  A section 1983 individual capacity

12  claim seeks to hold a state officer liable for actions he takes under color of state law.  See Kentucky

13  v. Graham, 473 U.S. 159, 165 (1985).  Section 1983 is not itself a source of substantive rights, but

14  merely the procedural vehicle by which to vindicate federal rights elsewhere conferred.  See Albright

15  v. Oliver, 510 U.S. 266, 273 (1994).  To make a prima facie case under § 1983, a plaintiff must show

16  that the defendant:  (1) acted under color of state law, and (2) deprived the plaintiff of a federal or

17  constitutional right.  See Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988).  However,

18  since Plaintiff has failed to establish that he was deprived of a federal or constitutional right, the

19  Court must also dismiss his claims based upon section 1983.

20  III.  Conclusion

21        Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#71) is

22  **GRANTED**;

23  ///

24  ///

25  ///

26  ///

4

1    IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants

2  and against Plaintiff.

3    DATED this 22nd day of February 2011.

4

5

6  _____

7  Kent J. Dawson
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26